**In the United States District Court
for the Southern District of Texas
Houston Division**

| | |
|---|---|
| **Liz Gomez, *et al.*,** | |
| Plaintiffs, | **Civil Action No. 4:21-CV-01698** |
| v. | |
| **Harris County, Texas, *et al.*,** | Jury Demanded |
| Defendants. | |

### Assistant Chief Chris Gore and Lieutenant Shane Rigdon's Motion to Dismiss

Assistant Chief Chris Gore and Lieutenant Shane Rigdon of the Harris County Constable's Office, Precinct One, each sued and appearing in his individual capacity only,[1] move the Court to dismiss Plaintiffs Liz Gomez, Marissa Sanchez, Felicia McKinney, and Jassmine Huff's claims under 42 U.S.C. § 1983 because Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs fail to allege facts showing a plausible claim of any constitutional violation against Chief Gore or Lt. Rigdon and Plaintiffs' pleadings do not even address, let alone overcome, the presumption of immunity from suit to which Chief Gore and Lt. Rigdon are each entitled.

Thus, based solely upon the controlling law measured against Plaintiffs' sensationalistic but ultimately woefully insufficient pleading allegations, Chief Gore and Lt. Rigdon are each entitled to dismissal under Rule 12(b)(6) for several reasons as follows:

---

[1] To the extent Plaintiffs attempt to sue either of these individuals in their official capacity, the same are alleged claims against Harris County, which is separately represented.

# Table of Contents

Table of Authorities ........................................................................................................ iii

Nature and Stage of the Proceedings ................................................................ - 1 -

Summary of the Grounds for Dismissal ............................................................ - 1 -

Issues Presented .................................................................................................... - 2 -

Standard of Review ............................................................................................... - 3 -

a.   Motions to dismiss for failure to state a claim. .......................................... - 3 -

b.   Claims against governmental officials must meet a heightened pleading standard. ............ - 4 -

Argument & Authorities ...................................................................................... - 5 -

1.   Claims under 42 U.S.C. § 1983 only provides a cause of action for individuals who have
     been deprived of their rights under the U.S. Constitution or federal law by a person acting
     under color of state law. ................................................................................ - 5 -

2.   Plaintiffs cannot state an equal protection claim for sexual harassment under 42 U.S.C. §
     1983 against Chief Gore or Lt. Rigdon. ...................................................... - 8 -

2.1.   Neither Chief Gore nor Lt. Rigdon is an "employer" for a claim of sexual harassment. .- 8 -

2.2.   Plaintiffs cannot state an equal protection claim for sexual harassment against defendants
       who are not "supervisors" under the law. ................................................ - 9 -

2.3.   Each Plaintiff fails to allege facts to state a claim of sexual harassment at all. ............... - 11 -

   2.3.1.   Plaintiffs have failed to allege Lt. Rigdon subjected any Plaintiff to unwelcome sexual
            harassment or harassed any Plaintiff based on sex. .................................... - 13 -

2.4.   Plaintiffs fail to allege facts demonstrating Chief Gore or Lt. Rigdon were acting under
       color of law. .................................................................................................. - 14 -

3.   There is no such thing as a due process claim for "sexual battery" under section 1983. - 15 -

3.1.   Plaintiffs' sexual battery claims are not cognizable under 42 U.S.C. § 1983. ................. - 17 -

3.2.   Even if a claim for battery was cognizable under 42 U.S.C. § 1983, Plaintiffs' pleading
       admissions belie such a claim against Chief Gore and Lt. Rigdon. ................................. - 19 -

4.   Chief Gore and Lt. Rigdon are immune from Plaintiffs' claims. ....................................- 20 -

Prayer ......................................................................................................................- 22 -

Certificate of Service ..........................................................................................- 23 -

## Table of Authorties

**Cases**                                                                    **Page(s)**

*Estate of Aguirre v. City of San Antonio*,
    995 F.3d 395 (5th Cir. 2021) ...............................................................................18

*Alton v. Tex. A&M Univ.*,
    168 F.3d 196 (5th Cir. 1999) .................................................................................8

*Anderson v. Valdez*,
    913 F.3d 472 (5th Cir. 2019) ...............................................................................21

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................3, 4, 17

*Backe v. Leblanc*,
    691 F.3d 645 (5th Cir. 2012) ...............................................................................20

*Baker v. Putnal*,
    75 F.3d 190 (5th Cir. 1996) ...................................................................................5

*Beker Phosphate Corp. v. Muirhead*,
    581 F.2d 1187 (5th Cir. 1978) ...............................................................................7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................4

*Blackwell v. Barton*,
    34 F.3d 298 (5th Cir. 1994) .................................................................................21

*Bonsignore v. City of New York*,
    683 F.2d 635 (2d Cir. 1982).................................................................................19

*Brown v. Bd. of Trs. Sealy Indep. Sch. Dist.*,
    871 F. Supp. 2d 581 (S.D. Tex. 2012) (Ellison, J.)................................................5

*Castellano v. Fragozo*,
    352 F.3d 939 (5th Cir. 2003) .................................................................................6

*Chestang v. Alcorn State Univ.*,
    820 F. Supp. 2d 772 (S.D. Miss. 2011).................................................................17

*Clanton v. Orleans Par. Sch. Bd.*,
    649 F.2d 1084 (5th Cir. 1981) ...............................................................................9

*Collins v. City of Harker Heights*,
   916 F.2d 284 (5th Cir. 1990) ........................................................................16

*Cornish v. Corr. Servs. Corp.*,
   402 F.3d 545 (5th Cir. 2005) ..........................................................................6

*County of Sacramento v. Lewis*,
   523 U.S. 833 (1998)......................................................................................16

*Daniels v. Williams*,
   474 U.S. 327 (1986).................................................................................8, 16

*Dartmouth Review v. Dartmouth College*,
   889 F.2d 13 (5th Cir. 1989) ............................................................................3

*Davis v. Scherer*,
   468 U.S. 183 (1984)........................................................................................5

*Delcambre v. Delcambre*,
   635 F.2d 407 (5th Cir. 1981) ...................................................................19, 20

*Doe v. Silsbee Indep. Sch. Dist.*,
   402 Fed. Appx. 852 (5th Cir. 2010)..............................................................17

*EEOC v. Boh Bros. Constr. Co., L.L.C.*,
   731 F.3d 444 (5th Cir. 2013) .....................................................................9, 12

*Fernandez-Montes v. Allied Pilots' Association*,
   987 F.2d 278 (5th Cir. 1993) ..........................................................................4

*Foley v. Univ. of Houston Sys.*,
   355 F.3d 333 (5th Cir. 2003) ..........................................................................8

*Gehring v. Harris County*,
   No. 4:15-cv-00726, 2016 U.S. Dist. LEXIS 7189 (S.D. Tex. Jan. 21, 2016).....................5, 11

*George v. Harris Cty.*,
   Civ. A. No. H-10-3235, 2012 U.S. Dist. LEXIS 94318 (S.D. Tex. July 9,
   2012) (Rosenthal, J.)......................................................................................16

*Gowesky v. Singing River Hosp. Sys.*,
   321 F.3d 503 (5th Cir. 2003) ........................................................................11

*Grant v. Lone Star Co.*,
   21 F.3d 649 (5th Cir.), *cert. den'd.,* 513 U.S. 1015 (1994) ................................8, 9

*Griffin v. Maryland*,
   378 U.S. 130 (1964)........................................................................................7

*Gunaca v. Texas*,
   65 F.3d 467 (5th Cir. 1995) ...................................................................20

*Harmon v. Dallas Cty.*,
   927 F.3d 884 (5th Cir. 2019) ..................................................................5

*Harris v. Forklift Systems, Inc.*,
   510 U.S. 17 (1993)..................................................................................11

*Harvey v. Blake*,
   913 F.2d 226 (5th Cir. 1990) ..................................................................9

*Hawkins v. Holloway*,
   316 F.3d 777 (8th Cir. 2003) ................................................................19

*Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*,
   380 F.3d 872 (5th Cir. 2004) ..................................................................7

*Hockman v. Westward Commc'ns, LLC*,
   407 F.3d 317 (5th Cir. 2004) .........................................................12, 13

*Hughes v. Halifax County Sch. Bd.*,
   855 F.2d 183 (4th Cir. 1988) ................................................................15

*Indest v. Freeman Decorating*,
   164 F.3d 258 (5th Cir. 1999) .....................................................11, 12, 13

*James v. Tex. Collin County*,
   535 F.3d 365 (5th Cir. 2008) ..................................................................6

*Johnson v. Halstead*,
   916 F.3d 410 (5th Cir. 2019) ..................................................................8

*Jolly v. Klein*,
   923 F. Supp. 931 (S.D. Tex. 1996) .........................................................4

*Jones v. Tubal-Cain Hydraulic Sols., Inc.*,
   No. 4:16-CV-1282, 2020 U.S. Dist. LEXIS 920 (S.D. Tex. Jan. 3, 2020)
   (Hanen, J.).............................................................................................10

*Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex.*,
   20 F.3d 1362 (5th Cir. 1994) ..................................................................4

*Kipps v. Caillier*,
   197 F.3d 765 (5th Cir.), *cert. den'd.*, 531 U.S. 816 (2000) ...................20

*Lauderdale v. Tex. Dep't of Crim. Justice*,
   512 F.3d 157 (5th Cir. 2007) ................................................................11

*Longoria v. San Benito Indep. Consol. Sch. Dist.*,
    942 F.3d 258 (5th Cir. 2019) .........................................................................20, 21

*Love v. Motiva Enterprises, LLC*,
    349 Fed. Appx. 900 (5th Cir. 2009)........................................................................13

*Lugar v. Edmondson Oil Co., Inc.*,
    457 U.S. 922 (1982)..............................................................................................6, 7

*Martinez v. Colon*,
    54 F.3d 980 (1st Cir. 1995)...............................................................................19, 20

*McClendon v. City of Columbia*,
    305 F.3d 314 (5th Cir. 2002) (en banc) .....................................................................5

*McPeters v. Edwards*,
    806 F. Supp. 2d 978 (S.D. Tex. 2011) (Ellison, J.), *aff'd* 464 Fed. Appx. 351
    (5th Cir. 2012)...........................................................................................................4

*Md. Manor Assocs. v. City of Houston*,
    816 F.Supp. 2d 394 (S.D. Tex. 2011) (Rosenthal, J.) ..............................................3

*Monroe v. Pape*,
    365 U.S. 167 (1961)................................................................................................15

*Morgan v. Chapman*,
    969 F.3d 238 (5th Cir. 2020) ....................................................................................7

*Murphy v. Chicago Transit Auth.*,
    638 F. Supp. 464 (N.D. Ill. 1986) (staff attorneys who sexually harassed
    fellow staff attorney were not liable pursuant to section 1983)............................15

*Newsome v. Harris Cty.*,
    No. H-12-1938, 2013 U.S. Dist. LEXIS 9763 (S.D. Tex. Jan. 24, 2013)
    (Harmon, J.) ..............................................................................................................9

*Nieto v. San Perlita Indep. Sch. Dist.*,
    894 F.2d 174 (5th Cir. 1990) ....................................................................................5

*Oliver v. Scott*,
    276 F.3d 736 (5th Cir. 2002) .................................................................................4, 5

*Ottman v. City of Independence*,
    341 F.3d 751 (8th Cir. 2003) ..................................................................................15

*Parker v. Missouri City*,
    Civ. A. No. H-12-2484, 2014 U.S. Dist. LEXIS 171021 (S.D. Tex. Dec. 10,
    2014) (Harmon, J.)..................................................................................................16

*Paul v. Davis,*
    424 U.S. 693 (1976)......................................................................................................16

*Polk County v. Dodson*,
    454 U.S. 312 (1981)......................................................................................................14

*Pullen v. Caddo Parish Sch. Bd.*,
    830 F.3d 205 (5th Cir. 2016) .........................................................................................9

*Rendell-Baker v. Kohn*,
    457 U.S. 830 (1982)........................................................................................................6

*Renken v. Harris County*,
    808 S.W.2d 222 (Tex. App.—Houston [14th Dist.] 1991, no writ) ...........................11

*Rodriguez v. Christus Spohn Health Sys. Corp.*,
    874 F. Supp. 2d 635 (S.D. Tex. 2012) (Rainey, J.).....................................................16

*Rossignol v. Voorhaar*,
    316 F.3d 516 (4th Cir. 2003) .......................................................................................19

*Russell v. Univ. of Texas*,
    234 Fed. Appx. 195 (5th Cir. 2007).............................................................................13

*Saucier v. Katz*,
    533 U.S. 194 (2001)......................................................................................................21

*Screws v. United States*,
    325 U.S. 91 (1945)........................................................................................................14

*Smith v. Amedisys, Inc.*,
    298 F.3d 434 (5th Cir. 2002) .........................................................................................8

*Stewart v. Murphy*,
    174 F.3d 530 (5th Cir. 1999) .........................................................................................7

*Tanik v. Southern Methodist Univ.*,
    116 F.3d 775 (5th Cir. 1997) .........................................................................................8

*United States v. Tarpley*,
    945 F.2d 806 (5th Cir. 1991) .........................................................................................7

*Vance v. Ball State Univ.*,
    570 U.S. 421 (2013)......................................................................................................10

*Walker v. Thompson*,
    214 F.3d 615 (5th Cir. 2000) .......................................................................................12

*Washington v. Glucksberg,*
   521 U.S. 702 (1997)...................................................................................16

*Washington-Pope v. City of Philadelphia,*
   979 F. Supp. 2d 544 ...........................................................................19, 20

*West v. Atkins,*
   487 U.S. 42 (1988)...................................................................................7

*Woodward v. City of Worland,*
   977 F.2d 1392 (10th Cir.1992) ..............................................................15

## Statutes

42 U.S.C. § 1983...........................................1, 4, 5, 6, 7, 8, 9, 11, 14, 15, 16, 17, 19, 21

Civil Rights Act of 1964 Title VII...........................................................8, 9, 11, 12

Tex. Civ. Prac. & Rem. Code section 101.106 ...............................................2

Texas Labor Code section 408.001.................................................................2

## Other Authorities

Rule 12(b)(6)............................................................................................4, 5

U.S. Constitution.........................................................................................5

United States Constitution .............................................................................8

United States Constitution Fourteenth Amendment ...........................1, 2, 6, 15, 17, 21

## Nature and Stage of the Proceedings

On May 24, 2021, Plaintiffs Liz Gomez, Marissa Sanchez, Felicia McKinney, Jacquelyn Aluotto filed suit against Harris County and, in their individual capacities, Constable Alan Rosen, Assistant Chief Chris Gore, and Lieutenant Shane Rigdon of Harris County Constable's Office, Precinct One, asserting claims under 42 U.S.C. § 1983 for alleged violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment.[2] On June 2, 2021, Plaintiffs filed their first amended complaint, the operative pleading, adding Jassmine Huff as a plaintiff.[3] Otherwise, Plaintiffs' amended complaint is as equally deficient in Plaintiffs' effort to state a claim as was their original complaint.

## Summary of the Grounds for Dismissal

Based on pleadings obviously more focused on grabbing media attention than complying with the well-established pleading requirements necessary to state a claim, Plaintiffs Gomez, Sanchez, McKinney, and Huff[4] appear to have simply imagined causes of action that truly do not exist in the law – let alone the clearly established law - and they have attempted through only the most broad, vague, and impermissible conclusory allegations to assert violations of the Equal Protection Clause and Due Process Clause, arising out of Plaintiffs' voluntary participation in undercover operations targeting human trafficking and prostitution. The law generally, and certainly the "clearly established" law, however, simply do not support the *existence* of Plaintiffs' due process claim, and, as to Plaintiffs' equal protection claim, not only is it not a basis for claims against Chief Gore and Lt. Rigdon – the Plaintiffs' co-workers – even if it could, hypothetically be a claim, the Plaintiffs' vague and conclusory allegations are precisely those the Supreme Court,

---

[2] ECF No. 1.

[3] ECF No. 7.

[4] Plaintiff Aluotto has not asserted any claim against Chief Gore or Lt. Rigdon.

Fifth Circuit, and this Court have held fail to state a plausible claim under both prongs necessary to overcome Chief Gore and Lt. Rigdon's immunity, as is Plaintiffs' burden.

Plaintiffs Gomez, Sanchez, McKinney, and Huff allege two distinct, vague, and purely conclusory theories that Chief Gore and Lt. Rigdon – neither of whom are Plaintiffs' "employer" - subjected Plaintiffs to a sexually hostile work environment and sexual battery which, **without identifying any legal basis,** Plaintiffs claim violate the Fourteenth Amendment to the United States Constitution. Not only are Plaintiffs' fantastic, fictional accounts untrue, not one Plaintiff has alleged *facts* that would state a cognizable claim that actually exists in the law.[5]

### Issues Presented

1.   Plaintiffs Gomez, Sanchez, McKinney, and Huff have failed to state a sexually hostile work environment claim against Chief Gore or Lt. Rigdon under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

2.   Plaintiffs Gomez, Sanchez, McKinney, and Huff have failed to state a claim for relief against Chief Gore or Lt. Rigdon under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

3.   Plaintiff McKinney has failed to state a claim for relief against Chief Gore or Lt. Rigdon under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

4.   Even if Plaintiffs Gomez, Sanchez, McKinney, and Huff could state a constitutional claim against Chief Gore or Lt. Rigdon, Plaintiffs' factual allegations fail to meet the heightened pleading standard necessary to overcome the legal presumption of Chief Gore's and Lt. Rigdon's qualified immunity.

---

[5] But one glaring example discussed in more detail *infra* is the pure legal fact that, without regard to the fictionalized, sensational allegations, **all** claims of "Sexual Battery" are simply claims of the common law tort of battery. Despite Supreme Court authority rejecting their effort, Plaintiffs attempt, in several separate claims, to "constitutionalize" this common law tort from which Chief Gore and Lt. Rigdon are *statutorily* immune under section 101.106, Tex. Civ. Prac. & Rem. Code. Even if Chief Gore and Lt. Rigdon were not statutorily immune from common law tort claims, Plaintiffs' claims would be barred by section 408.001 of the Texas Labor Code.

## Standard of Review

**a.      Motions to dismiss for failure to state a claim.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, although the federal pleading requirements are reasonably low, they are real and the threshold for stating a claim for relief requires factual allegations regarding each material element necessary to sustain recovery under an actionable legal theory. *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (5th Cir. 1989). Important to analyzing this complaint is the now well-settled controlling law that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court is not required to accept mere legal conclusions as true. *Id*. Instead, the Plaintiffs' fantastic – in the literal sense of the word - legal conclusions "must be supported by factual allegations." *Id*.

"A claim has facial plausibility when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556) (emphasis added).

> Determining whether a complaint states a plausible claim for relief will, [], be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "shown" – "that the pleader is entitled to relief."

*Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (internal citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Md. Manor Assocs. v. City of Houston*, 816 F.Supp. 2d 394, 402 (S.D. Tex. 2011) (Rosenthal, J.) (citing, *Iqbal*, 556 U.S. at 678). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and

- 3 -

plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *Id,* as these Plaintiffs' complaint clearly does.

"When plaintiffs 'have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.'" *Twombly*, 550 U.S. at 570 *accord Iqbal*, 556 U.S. at 680. Important here is the well-settled rule that conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to avoid dismissal. *Fernandez-Montes v. Allied Pilots' Association*, 987 F.2d 278, 284 (5th Cir. 1993). Lastly, if, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper. *Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex*., 20 F.3d 1362, 1366 (5th Cir. 1994)*.*

**b.**    **Claims against governmental officials must meet a heightened pleading standard.**

To state a claim against a governmental official sued in his individual capacity, Plaintiffs must satisfy a heightened pleading standard. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). *See also, McPeters v. Edwards*, 806 F. Supp. 2d 978, 983 (S.D. Tex. 2011) (Ellison, J.), *aff'd* 464 Fed. Appx. 351 (5th Cir. 2012). Accordingly, the Supreme Court's holding in *Iqbal* has special significance in a case against individual public employees, such as Chief Gore, and Lt. Rigdon. "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, **specifying the personal involvement of each defendant**." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)).

To meet this standard, Plaintiffs' complaint must allege *specific conduct* and *direct actions* for each individual which not only show *how* each committed a constitutional deprivation but also

demonstrate, with clear *facts* how the conduct alleged was such that, under clearly established law no reasonable official could have thought his own conduct constitutional. *Oliver*, 276 F.3d at 742. *See also, Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). Because, as to "qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense," *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (en banc) to avoid a Rule 12(b)(6) dismissal of a claim against an individual defendant, Plaintiffs must allege particularized facts showing the direct conduct of Chief Gore and Lt. Rigdon personally which, if proven, would defeat an immunity defense. *Cf., Harmon v. Dallas Cty.*, 927 F.3d 884, 892 (5th Cir. 2019); *Nieto v. San Perlita Indep. Sch. Dist.,* 894 F.2d 174, 178 (5th Cir. 1990). Otherwise, the Court must dismiss claims against these individuals based on the presumption of their immunity from suit which the Plaintiffs have failed in their burden to disprove. *Id.*

### Argument & Authorities

1. **Claims under 42 U.S.C. § 1983 only provides a cause of action for individuals who have been deprived of their rights under the U.S. Constitution or federal law by a person acting under color of state law.**

   It is well-established that "Section 1983 is not itself a source of substantive rights, but rather merely provides a method for vindicating federal rights elsewhere conferred." *Brown v. Bd. of Trs. Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 596 (S.D. Tex. 2012) (Ellison, J.) (internal quotations omitted) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). The deprivation of a right found under state law is not sufficient to present a claim under section 1983 as section 1983 does not "constitutionalize" state laws. *Davis v. Scherer*, 468 U.S. 183, 194 (1984). As this Court, Judge Harmon presiding, has held, section 1983 only "provides a cause of action for individuals who have been deprived of their rights, privileges, or immunities **secured by the Constitution and laws of the United States** by a person acting under color of state law." *See also, Gehring v. Harris County*, No. 4:15-cv-00726, 2016 U.S. Dist. LEXIS 7189, *27 (S.D. Tex. Jan. 21, 2016) (internal

- 5 -

citation omitted) (emphasis added). This immutable legal limitation strikes at the heart of practically all of Plaintiffs' efforts to invent constitutional claims against these Defendants that not only do not arise under the Constitution or federal laws, but are simply state, common-law claims from which these Defendants are statutorily immune.

"[T]he federal courts have repeatedly held that common law and state tort law do not define the scope of liability under § 1983." *Castellano v. Fragozo*, 352 F.3d 939, 948 (5th Cir. 2003) (citation omitted). A claim under section 1983, must allege *facts* that if true would (1) show a violation **of a right secured by the Constitution or laws of the United States** and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Cf., James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Accordingly, "[t]he ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982), *accord Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005).The "fair attribution" question, in turn, has two components:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. … Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

*Lugar v. Edmondson Oil Co., Inc*., 457 U.S. 922, 937 (1982). These two questions, which at times may "collapse into each other when the claim of a constitutional deprivation is directed against a party whose official character is such as to lend the weight of the State to his decisions," are not the same. *Id*.

In cases where, as here, the actor is a law enforcement officer, the second element is satisfied, but whether the officer's action is fairly attributable to the state depends on whether his

actions are "caused by the exercise of some right or privilege created by the State," *id.*, or whether, in undertaking them, the officer "exercised power 'possessed by virtue of state law and made possible ***only*** because the wrongdoer [was] clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Clearly then – and indeed, it is well settled that – "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

It is also "firmly established that a defendant in a § 1983 suit acts under color of state law when he ***abuses*** the position given to him by the State." *Id.* at 49-50 (emphasis added). The limiting principle, however, is that "under 'color' of law means under 'pretense' of law. Thus acts of **officers in the ambit of their *personal* pursuits are plainly excluded**." *Id.* (emphasis added). Accordingly, the question is whether the officer "purport[ed] to act under [state] authority," even if "he might have taken the same action had he acted in a purely private capacity." *Griffin v. Maryland*, 378 U.S. 130, 135 (1964). In other words, "whether a police officer is acting under color of law does not depend on duty status at the time of the alleged violation." *United States v. Tarpley*, 945 F.2d 806, 809 (5th Cir. 1991)(citing *Delcambre v. Delcambre*, 635 F.2d 407 (5th Cir. 1981)).[6]

Additionally, the Court must analyze Plaintiff's claims against each defendant individually. *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 883-84 (5th Cir. 2004). Thus, to state a claim, Plaintiffs must

---

[6] As discussed *infra*, it is important to the analysis of the Plaintiffs' repeated claims of what Plaintiffs have literally invented[6] as a section 1983 claim of "sexual battery," that "conduct which merely engenders common law tort liability, without infringing on Constitutionally protected interests, is not a sufficient basis to support a cause of action under Section 1983. **Section 1983 simply does not provide a remedy for mere common law torts, even though committed under color of state law.**" *Beker Phosphate Corp. v. Muirhead*, 581 F.2d 1187, 1189 (5th Cir. 1978) (emphasis added), *accord Morgan v. Chapman*, 969 F.3d 238, 246-247 (5th Cir. 2020). Simply put, Plaintiffs' claim of "battery" is not a constitutional or federal law claim and therefore not cognizable under section 1983.

allege *facts* sufficient to show unconstitutional – not state law tort – conduct of each individual separately from which the Court may plausibly recognize a claim of a violation of the United States Constitution or expressly identified federal law.

Lastly, Plaintiffs must allege *facts* showing *for each* that the acts constituting *a recognized constitutional deprivation* were intentional, not negligent. *Daniels v. Williams*, 474 U.S. 327, 331-32 (1986). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Alton v. Tex. A&M Univ.,* 168 F.3d 196, 201 (5th Cir. 1999).

## 2. Plaintiffs cannot state an equal protection claim for sexual harassment under 42 U.S.C. § 1983 against Chief Gore or Lt. Rigdon.

### 2.1. Neither Chief Gore nor Lt. Rigdon is an "employer" for a claim of sexual harassment.

Because "Section 1983 and Title VII are parallel causes of action," *Johnson v. Halstead*, 916 F.3d 410, 417 (5th Cir. 2019) (quotation modified), employment discrimination claims brought under section 1983 are analyzed under the framework applicable to claims arising under Title VII of the Civil Rights Act of 1964. *Tanik v. Southern Methodist Univ.*, 116 F.3d 775, 775 (5th Cir. 1997). Under this requirement, it is clear Plaintiffs have not stated, and under the law Plaintiffs cannot state, a claim of sexual harassment against either Chief Gore or Lt. Rigdon under section 1983, since, as a matter of law, neither Chief Gore nor Lt. Rigdon is an "employer" for such a claim. "[T]he statutory scheme of title VII indicated that Congress did not intend to impose individual liability on employees." *Grant v. Lone Star Co.*, 21 F.3d 649, 651-53 (5th Cir.), *cert. den'd,* 513 U.S. 1015 (1994). Thus, "[i]ndividual employees cannot be sued under Title VII in either their individual or official capacities." *Smith v. Amedisys, Inc*., 298 F.3d 434, 448-49 (5th Cir. 2002)). "[R]elief under Title VII is only available against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Houston Sys.,* 355 F.3d 333, 340 n.8 (5th Cir.

2003) (citing 42 U.S.C. § 2000e(b)'s definition of "employer"). The same law applies equally when the claim is under § 1983. *Compare, Newsome v. Harris Cty.*, No. H-12-1938,  2013 U.S. Dist. LEXIS 9763, *28 (S.D. Tex. Jan. 24, 2013) (Harmon, J.).

Because, *as a matter of law,* neither Chief Gore nor Lt. Rigdon fall within the definition of "employer" under Title VII and because employment discrimination claims brought under section 1983 must be analyzed under the framework applicable to claims arising under Title VII, Plaintiffs have not stated, and as a matter of law they cannot state, a claim of sexual harassment under section 1983 against either individual. *Compare*, *Clanton v. Orleans Par. Sch. Bd.*, 649 F.2d 1084 (5th Cir. 1981); *Harvey v. Blake*, 913 F.2d 226 (5th Cir. 1990). "[T]he [only] proper method for a plaintiff to recover under [such a claim] is to sue the employer, either by naming the supervisory employee as agent of the employer or by naming the employer directly." *Grant v. Lone Star Co.*, at 652.

Because Plaintiffs have already named their employer, Harris County and Precinct One's supervisory employee, Constable Rosen, Plaintiffs have no legal basis to sue Chief Gore or Lt. Rigdon in either officer's individual capacity.

## 2.2.  Plaintiffs cannot state an equal protection claim for sexual harassment against defendants who are not "supervisors" under the law.

To the extent section 1983 provides a cause of action against an individual defendant at all for a claim of sexual harassment under the Equal Protection Clause, the claim lies only against a supervisor who each Plaintiff shows was her "supervisor," as defined by the law, not Plaintiffs' bald allegations. "[I]t matters whether a harasser is a 'supervisor' or simply a co-worker." *Boh Bros.*, 731 F.3d at 452 (quoting *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013)). "A person is a 'supervisor' for purposes of sexual-harassment law when he or she can take tangible employment action against the victim." *Pullen v. Caddo Parish Sch. Bd.*, 830 F.3d 205, 214 (5th Cir. 2016) (citing *Vance*, 570 U.S. at 430-431 (2013). A person with the request authority is distinguished

from those, like Chief Gore and Lt. Rigdon, who, although lacking the power to take tangible employment action against any Plaintiff, "nevertheless have the ability to direct a co-worker's labor to some ill-defined degree." *Jones v. Tubal-Cain Hydraulic Sols., Inc.*, No. 4:16-CV-1282, 2020 U.S. Dist. LEXIS 920, *23 (S.D. Tex. Jan. 3, 2020) (Hanen, J.) (quoting *Vance*, 570 U.S. at 432). The latter, like Chief Gore and Lt. Rigdon, are not within the limited definition of those who may be personally liable for an alleged hostile work environment or, therefore, a claim under the Equal Protection Clause.

Rather, the law defines Chief Gore and Lt. Rigdon as only "[c]o-workers … [who] can [allegedly] inflict psychological injuries by creating a hostile work environment, but they cannot dock another's pay, nor can one co-worker demote another." *Vance*, 570 U.S. at 432 (quotations omitted). Mere "leadership responsibilities" like "the authority to assign [job responsibilities]" are insufficient to place an employee in the "unitary category of supervisors with authority to cause a 'significant change in employment status," *id.* at 441, necessary to state a claim of individual liability.

In their amended complaint, Plaintiffs allege Chief Gore and Lt. Rigdon were each "acting in [their] managerial capacity as an official and executive within the Harris County Constable's Office, Precinct One,"[7] "[f]ield operations [of the Human Trafficking Unit] are managed by Asst. Chief Chris Gore and Lieutenant Shane Ridgon,"[8] and "[Chief] Gore…and [Lt.] Rigdon had [**Plaintiffs don't describe**] authority[9] over Plaintiffs."[10] Plaintiffs, however, have failed to aver any fact demonstrating Chief Gore or Lt. Rigdon had authority to take or have actually taken any

---

[7] ECF No. 7, ¶¶ 9-10.

[8] *Id.*

[9] Yet another purely conclusory statement with absolutely no factual basis.

[10] *Id.*

tangible employment action against any Plaintiff. Of course, Plaintiffs cannot advance such allegations because, as a matter of law, neither had the requisite authority to be a "supervisor" under the Fifth Circuit's definition applicable to an hostile work environment claim because, as a matter of well-settled law, the sole authority to hire, fire, promote, or reassign any Plaintiff or any constable's deputy rests only, in this department, with the elected constable. *Renken v. Harris County*, 808 S.W.2d 222, 225-26 (Tex. App.—Houston [14th Dist.] 1991, no writ). See also, 2016 U.S. Dist. LEXIS 7189, at *28 (S.D. Tex. 2016) (Harmon, J.). Thus, even if Plaintiffs could pursue a section 1983 claim for sexual harassment, such a claim could not, as a matter of law, reach subordinate employees such as these Defendants.

## 2.3.  Each Plaintiff fails to allege facts to state a claim of sexual harassment at all.

Even if either of Chief Gore or Lt. Rigdon could, *arguendo,* be a proper defendant for a claim of sexual harassment, both would still be entitled to dismissal because *each* Plaintiff fails to allege *facts* necessary to establish a *prima facie* case of sexual harassment against Chief Gore and Lt. Rigdon. As required under Title VII, to state a claim of sexual harassment under section 1983, a plaintiff must allege facts showing: (1) the employee belongs to a protected class; (2) the employee was and (4) that the harassment affected a "term, condition, or privilege" of employment. *Cf., Lauderdale v. Tex. Dep't of Crim. Justice*, 512 F.3d 157, 163 (5th Cir. 2007).

"The legal standard for workplace harassment is… high." *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 509 (5th Cir. 2003). For harassment to "affect a term, condition, or privilege of employment," it must be "sufficiently severe or pervasive to alter the conditions of [Plaintiffs'] employment and create an abusive working environment," *Southard*, 114 F.3d at 554, particularly where, as **Plaintiffs' pleadings here admit**, the alleged "[s]exual harassment…does not culminate in an adverse employment decision." *Indest v. Freeman Decorating*, 164 F.3d 258, 264 (5th Cir. 1999). Merely offensive conduct is not actionable. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17,

- 11 -

21 (1993). Rather, the court must "view the alleged harassment with common sense, and appropriate sensitivity to social context to determine whether it constitutes conduct which a reasonable person in…[Plaintiffs'] position would find severely hostile or abusive." *EEOC v. Boh Bros. Constr. Co., L.L.C.*, 731 F.3d 444, 460 (5th Cir. 2013) (quoting *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998)).

Stated differently, the alleged harassment "must be both objectively and subjectively abusive," *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 325 (5th Cir. 2004), and the court must consider the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000). Because Title VII is not a general civility code for the American workplace, the alleged "conduct must be extreme to amount to **a change in the terms and conditions of employment**." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 263 (5th Cir. 1999) (emphasis added) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

Here, each Plaintiff fails to allege, let alone show that the terms or conditions of her employment changed after she reported any concern to the Constable's Office. To be sure, not one Plaintiff claims to have utilized the Constable's Office's open-door reporting policy and procedure to raise any concern before filing suit and not one Plaintiff has alleged that she has experienced any reduction in pay, hours, or other privileges or responsibilities. Because no Plaintiff has suffered an adverse employment action, each Plaintiff must show that the incidents made the basis of her complaint was severe or pervasive, *Indest*, 164 F.3d at 264, but no Plaintiff has found what she

claims *only in her lawsuit* to be "hostile" sufficiently severe or pervasive as to motivate any to quit. Rather, each Plaintiff remains employed with the Constable's Office.

Further, even accepting each Plaintiff's allegations as true, the incidents made the basis of this lawsuit are "no more severe [or pervasive] than those in previous cases where [the Fifth Circuit] has held that the employee did not demonstrate a hostile work environment." *Compare, Russell v. Univ. of Texas*, 234 Fed. Appx. 195, 205 (5th Cir. 2007). For example, in *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317 (5th Cir. 2004), the Fifth Circuit held, in pertinent part, that the appellant could not establish a hostile work environment based on the facts that the alleged harasser, among other things, commented about another employee's body, slapped the appellant on the behind with a newspaper, grabbed or brushed against appellant's breast and behind, and once attempted to kiss the appellant. *Compare, id.* at 327-28. *See also, e.g., Russell*, 234 Fed. Appx. at 205. Similarly, in *Love v. Motiva Enterprises, LLC*, 349 Fed. Appx. 900 (5th Cir. 2009), the Fifth Circuit held that **twenty-four incidents** of alleged sexual harassment were not sufficiently severe or pervasive to support a hostile work environment claim. *Id.* at 902.

### 2.3.1.  Plaintiffs have failed to allege Lt. Rigdon subjected any Plaintiff to unwelcome sexual harassment or harassed any Plaintiff based on sex.

Plaintiffs wholly fail to state a sexual harassment claim against Lt. Rigdon. Notably, Plaintiffs' claim against Lt. Rigdon arises only from Plaintiffs' vague and conclusory allegation that "[Lt.] Rigdon actively assisted Defendant Gore in concealing the [purportedly] illegal treatment of the Plaintiffs."[11] Plaintiffs equally fail to allege any facts that would demonstrate Lt. Rigdon specifically,[12] let alone severely and pervasively subjected any Plaintiff, let alone every

---

[11] ECF No. 7, ¶ 114. *See also, id.* at ¶ 30.

[12] *See, e.g., id.* at ¶ 42 ("Sanchez would then face inappropriate comments and treatment at the Constable stationhouse between stings from her male superiors, including Chief Gore and Lt. Shane Rigdon); ¶ 71 (McKinney speculates that

Plaintiff to unwelcome sexual harassment or harassed any Plaintiff based on her sex,[13] Plaintiffs'

equal protection claim for sexual harassment against Lt. Rigdon fails as a matter of law.

**2.4.    Plaintiffs fail to allege facts demonstrating Chief Gore or Lt. Rigdon were acting under color of law.**

Even if Plaintiffs could assert or had asserted a claim for sexual harassment against Chief

Gore or Lt. Rigdon that was cognizable under section 1983, Plaintiffs' pleading allegations belie

any argument that Chief Gore or Lt. Rigdon "were acting under color of law" during the incidents

in question. As discussed *supra*, "under 'color' of law means under 'pretense' of law. Thus acts of

officers in the ambit of their personal pursuits are plainly excluded." *Screws v. United States*, 325

U.S. 91, 111 (1945).

Despite Plaintiffs' conclusory allegations that "[a]t all material times, [Chief] Gore was

acting under color of state law,"[14] "[a]t all material times, [Lt.] Rigdon was acting under color of

state law,"[15] and that "[Chief] Gore … and [Lt.] Rigdon had authority over Plaintiffs, and they

were acting under color of law at all relevant times,"[16] it is well-established that mere employment

by a state or municipality does not automatically mean that a state actor's actions are taken under

the color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 319-20 (1981).[17] Notably, where

"the alleged harassment does not involve the use of either state authority or position, courts have

---

"it was well understood in the unit that the 'bachelor parties' had nothing to do with arrests, and merely focused Chief Gore and Lt. Rigdon having a good time").

[13] *See, e.g., id*. at ¶ 59 ("[Rigdon] accused [Huff] of not doing her work, of being lazy, and berated her in public on several occasions"); ¶ 61 ("[Rigdon] emailed and called Huff's supervisor almost daily to complain about something not being done").

[14] *Id*., ¶ 9.

[15] *Id*., ¶ 10.

[16] *Id*., ¶ 109.

[17] *See also,*

 *Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir.1992) ("The mere fact that [the defendants] were state employees or that the offending acts occurred during working hours is not enough").

declined to find co-workers liable for harassment under section 1983." *See, e.g., Ottman v. City of Independence*, 341 F.3d 751, 762 (8th Cir. 2003).[18] The dispositive issue is whether Chief Gore or Lt. Rigdon acted under the power he possessed by state authority. *Monroe v. Pape*, 365 U.S. 167, 184 (1961), *accord Edwards v. Wallace Community* College, 49 F.3d 1517, 1523 (11th Cir. 1995).

Even if true, Plaintiffs' allegations that Chief Gore and Lt. Rigdon subjected Plaintiffs to sexual harassment, whether on or off-duty, are not enough to show that either officer used his authority as a state actor to do so. Rather, the incidents Plaintiffs allege could have occurred in any workplace, public or private and, moreover, Plaintiffs' allegations that Chief Gore and Lt. Rigdon acted out of personal preference[19] when they recruited each Plaintiff further belies Plaintiffs' already tenuous claim.

**3.      There is no such thing as a due process claim for "sexual battery" under section 1983.**

Nothing in the reported jurisprudence suggests allegations of "sexual battery" - a common law tort claim - allegedly committed between fellow employees is actionable as a constitutional violation. To be sure, Plaintiffs fail to identify from where springs this novel theory of section 1983 liability, and Plaintiffs certainly fail in their burden to identify "clearly established law" creating, let alone defining the contours, of such a *merely alleged* cause of action.

The United States Supreme Court has repeatedly rejected the idea that "the Due Process Clause of the Fourteenth Amendment and § 1983 make actionable many wrongs inflicted by government employees which had heretofore been thought to give rise only to state-law tort

---

[18] *See also, e.g., Woodward*, 977 F.2d at 1400 (defendant law enforcement officers were not liable under section 1983 for sexually harassing dispatchers employed by a separate employer); *Hughes v. Halifax County Sch. Bd.*, 855 F.2d 183, 186-87 (4th Cir. 1988) (co-workers were not acting with state authority when they taunted plaintiff and performed a mock hanging of plaintiff); *Murphy v. Chicago Transit Auth.*, 638 F. Supp. 464, 468 (N.D. Ill. 1986) (staff attorneys who sexually harassed fellow staff attorney were not liable pursuant to section 1983) (collecting cases).

[19] *See, e.g.,* ECF No. 7, ¶¶ 22-24, 33, 47.

claims." *Paul v. Davis*, 424 U.S. 693, 699 (1976), *accord Collins v. City of Harker Heights*, 916

F.2d 284, 286 (5th Cir. 1990). Rather, the Supreme Court has made clear that;

> our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society. The Supreme Court has previously rejected reasoning that "would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the states.

*Daniels v. Williams*, 474 U.S. 327, 332 (1986) (quotation modified). Accordingly, this Court has

*repeatedly* held it is clear that, as a matter of law, "**state-law claims for assault and battery may**

**not proceed under § 1983**." *Cf., Parker v. Missouri City*, Civ. A. No. H-12-2484, 2014 U.S. Dist.

LEXIS 171021, *36 (S.D. Tex. Dec. 10, 2014) (Harmon, J.) (emphasis added); *George v. Harris*

*Cty.*, Civ. A. No. H-10-3235, 2012 U.S. Dist. LEXIS 94318, *25 (S.D. Tex. July 9, 2012)

(Rosenthal, J.) (citing *Smith v. Spina*, 477 F.2d 1140, 1143-44 (3d Cir. 1973)).

     If Plaintiffs could even arguably pursue their common law assault or battery claims under

section 1983, Plaintiffs' allegations would not survive dismissal because, even though the Due

Process Clause protects an individual's right to bodily integrity, *Washington v. Glucksberg*, 521

U.S. 702, 719-20 (1997), the Fifth Circuit has held only "an assault of an egregious nature, whether

physical or sexual, can rise to the level of a substantive due process violation under the

Constitution." *Rodriguez v. Christus Spohn Health Sys. Corp.*, 874 F. Supp. 2d 635, 644 (S.D. Tex.

2012) (Rainey, J.) (citing *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406-07 (5th Cir.

1995)). To be sure, the substantive component of the due process clause is violated "only when it

can properly be characterized as arbitrary, or conscience shocking, **in a constitutional sense**."

*County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (quotations omitted) (emphasis added).

"Put another way, 'a typical state-law tort claim' does not rise to the level of a constitutional tort

that violates substantive due process.'" *Chestang v. Alcorn State Univ.*, 820 F. Supp. 2d 772, 779

(S.D. Miss. 2011) (quoting *Collins*, 503 U.S. at 128). Moreover, "psychological injury alone does not constitute a violation of bodily integrity as contemplated under the Fourteenth Amendment," nor does "freedom from false stigmatization…constitute a protected liberty interest under the Fourteenth Amendment." *Doe v. Silsbee Indep. Sch. Dist.*, 402 Fed. Appx. 852, 854 (5th Cir. 2010).

### 3.1.    Plaintiffs' sexual battery claims are not cognizable under 42 U.S.C. § 1983.

Here, Plaintiffs have asserted three separate sexual battery claims, none of which states an actionable claim under section 1983. Plaintiffs Gomez, Sanchez, Huff, and McKinney allege, in pertinent part, that Chief Gore "acting within the course and scope of his employment, intentionally caused the touching of, or application of force to, the bodies of the Plaintiffs, in a harmful, offensive, and sexual manner, without their consent,"[20] and "also intentionally attempted or threatened to inflict harmful, offensive, and sexual contact on the Plaintiffs' bodies."[21] Separately, Huff alleges, *once again in conclusory terms*, that Lt. Rigdon, "acting within the course and scope of his employment, intentionally caused the touching of, or application of force to, the bodies of the Huff [*sic*], in a harmful, offensive, and sexual manner, without their [*sic*] consent," and "also intentionally attempted or threatened to inflict harmful, offensive, and sexual contact on the Huff's body."[22]

Finally, McKinney alleges quite inexplicably, in pertinent part, that Constable Rosen, Chief Gore, and Lt. Rigdon "violated McKinney's rights" when Constable Rosen – and only Constable Rosen – purportedly did no more than "order[] an operation[23] in which Felicia McKinney was sent

---

[20] Once again the very type of formulaic recitation of the elements of a claim – here a state, common law, tort claim – rejected by the Supreme Court in *Iqbal*.

[21] ECF No. 7, ¶¶ 161-62.

[22] *Id*., ¶¶ 169-70

[23] Obviously, "ordering" an operation is not the type of personal involvement necessary to state a claim of supervisory liability.

into a massage parlor with the express intention of having her be sexually assaulted by a suspected rapist," and, in doing so, "exposed McKinney to this assault with the intent that she be assaulted so that a public arrest could be made."[24] There is no allegation that Chief Gore, or Lt. Rigdon ordered McKinney to participate in this investigation. To be sure, there is no allegation that Chief Gore or Lt. Rigdon were involved in this investigation at all.[25]

Each of Plaintiffs' three sexual battery claims fails, however, because the incidents Plaintiffs allege arise only under state tort law, even if they occurred just as Plaintiffs allege. Accepting Plaintiffs' vague allegations as true, Plaintiffs have failed to allege any physical injury, as opposed to psychological injuries, directly caused by Chief Gore or Lt. Rigdon.

McKinney's battery claim against Chief Gore and Lt. Rigdon similarly fails because neither officer was present for or involved in the massage parlor investigation and, moreover, the "battery" McKinney complains of was not perpetrated by any Precinct One Defendant. Rather, a third-party over whom Chief Gore and Lt. Rigdon had no control perpetrated McKinney's alleged battery. Even if Chief Gore or Lt. Rigdon were involved in the investigation and *intended* for McKinney to be injured, under "foundational tort law principles,…the intentional tort of battery lies where the offensive contact is intentional, not the resulting injury." *Estate of Aguirre v. City of San Antonio*, 995 F.3d 395, 422 (5th Cir. 2021). In other words, **since McKinney admits** the individual who assaulted McKinney was neither Chief Gore nor Lt. Rigdon, McKinney has not stated and cannot state a claim for battery against Chief Gore or Lt. Rigdon.

---

[24] ECF No. 7, ¶¶ 184-86.

[25] *Id*., *passim*.

**3.2.    Even if a claim for battery was cognizable under 42 U.S.C. § 1983, Plaintiffs' pleading admissions belie such a claim against Chief Gore and Lt. Rigdon.**

Assuming, purely hypothetically, Plaintiffs could assert or had asserted a claim for sexual battery against Chief Gore or Lt. Rigdon that was cognizable under section 1983, Plaintiffs' pleading allegations belie any argument that Chief Gore or Lt. Rigdon "were acting under color of law" during the incidents in question.

Numerous courts have held assault, battery, and other intentional torts a law enforcement officer commits including, among other things, assaulting another officer or co-worker while on-duty, are not attributable to the state and, thus, not under "color of law." *See, e.g., Delcambre,* 635 F.2d 407; *Hawkins v. Holloway*, 316 F.3d 777 (8th Cir. 2003); *Martinez*, 54 F.3d at 990; *Washington-Pope v. City of Philadelphia*, 979 F. Supp. 2d 544 (E.D. Pa. 2013. To be sure, "where the action arises out of purely personal circumstances, courts have not found state action even where a defendant took advantage of his position as a public officer in other ways." *Rossignol v. Voorhaar*, 316 F.3d 516, 524 (4th Cir. 2003).

For example, in *Martinez v. Colon*, 54 F.3d 980 (1st Cir. 1995), an on duty police officer shot his coworker with a state-issued revolver while they were both in the stationhouse. Nonetheless, the court held that the defendant had not acted under color of state law because the shooting had arisen from a "singularly personal frolic: tormenting an acquaintance" and because defendant's "status as a police officer simply did not enter into" his decision to torment the victim. *Id*. at 987. *See also, Bonsignore v. City of New York*, 683 F.2d 635, 638-39 (2d Cir. 1982).

Here, Plaintiffs' conclusorily allege that Chief Gore and Lt. Rigdon acted under color of law when each Defendant, during undercover operations, "intentionally caused the touching of, or application of force to, the bodies of the Plaintiffs, in a harmful, offensive, and sexual manner,

- 19 -

without their consent."[26] Nonetheless, the significant authority from the Fifth Circuit and other federal courts demonstrates that similar "officer on officer" conduct where the alleged tortfeasor in no way uses their status or authority as a law enforcement officer to act and, instead, acts for purely personal reasons that could have occurred elsewhere, does not trigger any due process violation because such conduct does not occur under color of law. *See, e.g., Delcambre,* 635 F.2d 407; *Martinez,* 54 F.3d at 990; *Washington-Pope,* 979 F. Supp. 2d 544. The Court should reach the same conclusion here.

**4.      Chief Gore and Lt. Rigdon are immune from Plaintiffs' claims.**

Even if, *arguendo*, Plaintiffs could sue Chief Gore or Lt. Rigdon, Plaintiffs fail to overcome the presumption of the Individual Defendants' immunity from suit. "Public officials acting within the scope of their official duties are shielded from civil liability by the qualified immunity doctrine." *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir.), *cert. den'd.*, 531 U.S. 816 (2000) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982)). "A claim of [qualified] immunity must be resolved at the earliest possible stage of litigation because it entails an entitlement to immunity from suit and not merely a defense to liability." *Gunaca v. Texas*, 65 F.3d 467, 473 (5th Cir. 1995) (citing *Hunter v. Bryant*, 502 U.S. 224, 226 (1991)). A governmental official performing discretionary functions in the course of his official duties "is entitled to qualified immunity if his 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Longoria v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 264 (5th Cir. 2019) (quoting *Harlow*, 457 U.S. at 818).

Because it is Plaintiffs' burden to disprove immunity, *Backe v. Leblanc*, 691 F.3d 645 (5th Cir. 2012), to avoid dismissal, Plaintiffs must allege, at the motion to dismiss stage, facts that

---

[26] ECF No. 7, ¶¶ 162, 168.

overcome qualified immunity by showing that Chief Gore and Lt. Rigdon each committed an unconstitutional act and each violated "clearly established law." As discussed *supra*, Plaintiffs have failed to satisfy the first prong of overcoming qualified immunity.

As discussed *supra*, Plaintiffs have failed to state a plausible Fourteenth Amendment equal protection or due process claim against Chief Gore and Lt. Rigdon and they cannot as a matter of law – at least on the facts they have twice-alleged – do so. Thus, Plaintiffs have failed to sufficiently plead the existence of any constitutional violation.

Even assuming Plaintiffs could have asserted a viable constitutional claim – they cannot - it is Plaintiffs' burden to allege detailed facts to show each Precinct One Defendant was on notice, through judicial decisions, that Chief Gore and Lt. Rigdon's actions were clearly unlawful such that no reasonable deputy constable could have thought Chief Gore or Lt. Rigdon's alleged conduct was legal. *See, e.g., Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Blackwell v. Barton*, 34 F.3d 298, 303 (5th Cir. 1994) (quoting *Pfannstiel v. Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990)). "While a plaintiff seeking to overcome qualified immunity need not present a case directly on point, existing precedent must have placed the statutory or constitutional question beyond debate[.]" *Anderson v. Valdez*, 913 F.3d 472, 476 (5th Cir. 2019) (emphasis added) (internal quotations and citations omitted); *see also Longoria*, 942 F.3d at 268.

Plaintiffs have failed to adduce *any* factual allegations which disprove the presumption of Chief Gore and Lt. Rigdon's immunity by showing that no reasonable deputy could have thought Chief Gore or Lt. Rigdon's conduct was unlawful. In fact, Plaintiffs fail to assert sufficient factual allegations to overcome the presumption of Chief Gore and Lt. Rigdon's qualified immunity. Thus, even if the Court finds Chief Gore or Lt. Rigdon can be sued in connection with Plaintiffs' section

1983 claims, Plaintiffs' claims should be dismissed based on Chief Gore and Lt. Rigdon's immunity.

**Prayer**

Because Plaintiffs Liz Gomez, Marissa Sanchez, Felicia McKinney, and Jassmine Huff have failed to plead facts supporting a plausible claim for relief, the Court should dismiss Plaintiffs' claims against Assistant Chief Chris Gore and Lieutenant Shane Rigdon under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: June 29, 2021                              Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith, LLP**

*/ s / William S. Helfand*
William S. Helfand
Attorney-In-Charge
Texas Bar No. 09388250
S.D. Tex. Bar No. 8791
Sean O'Neal Braun
Texas Bar No. 24088907
S.D. Tex. Bar No. 2210748

Of Counsel:

**Lewis Brisbois Bisgaard & Smith, LLP**
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)

**Attorneys for Assistant Chief Chris Gore
and Lieutenant Shane Rigdon**

**Certificate of Service**

I hereby certify that on June 29, 2021, I electronically filed the foregoing document with

using the CM/ECF system, and a copy of this filing has been forwarded to all counsel of record in

accordance with the ECF local rules.

/s/ *William S. Helfand*
William S. Helfand