United States District Court
Southern District of Texas
**ENTERED**
August 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LIZ GOMEZ §<br>and §<br>MARISSA SANCHEZ §<br>and §<br>FELECIA MCKINNEY, *et al*, §<br> §<br>       Plaintiffs, §<br>VS. §<br> §<br>HARRIS COUNTY §<br>and §<br>ALAN ROSEN §<br>and §<br>CHRIS GORE, *et al*, §<br> §<br>       Defendants. § | CIVIL ACTION NO. 4:21-CV-01698 |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court are the several individual defendants', Constable Alan Rosen, Assistant Chief Chris Gore, and Lieutenant Shane Rigdon, motions to dismiss (DE's 16 and 17), and the plaintiffs', Liz Gomez, Marissa Sanchez, Felicia McKinney and Jassmine Huff, responses (DE's 24 and 25). The defendants' motions are brought pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the plaintiffs cannot maintain their suit against the defendants under 42 U.S.C. § 1983 for alleged violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the federal Constitution. After a careful review of the relevant pleadings, the motions, responses, and the applicable law, the Court determines that defendants Gore's and Rigdon's motion to dismiss should be DENIED and that defendant Rosen's motion to dismiss should be GRANTED.

## II.     FACTUAL BACKGROUND AND CONTENTIONS[1]

The plaintiffs assert that, under the supervision of Constable Alan Rosen, young female deputy constables were handpicked for "undercover operations" under the guise of legitimate police work and were sexually molested and traumatized by their male superior officers, including defendants Chief Chris Gore and Lieutenant Shane Rigdon. Together, they instructed the plaintiffs, subordinate deputy constables, to take part in Chief Gore's invention of "bachelor party stings" involving both Gore and Rigdon and the plaintiffs taking undercover roles. Constable Rosen was aware of the unit's objectives, activities, and results. Constable Rosen was also present during some of the operations. These stings involved the defendants issuing orders to the young female deputy plaintiffs to expose their bare breasts, buttocks, and genitalia "in order to maintain cover." Female deputies were ordered to expose themselves to their superior male deputies to create a "bachelor party" undercover environment. The female plaintiffs were continuously pressured to drink hard liquor to "loosen up."

With Constable Rosen's knowledge and blessing, the defendants engaged in touching, kissing, and fondling of the plaintiffs' bodies under "color of law" for no reason other than their own sexual gratification. If the plaintiffs did not remove their clothes voluntarily, at times the defendants would take off their shirts and bras and throw them across the room.  After the target of the operation was either arrested or left, inappropriate conduct would resume, including comments about how the plaintiffs looked naked, laughing, and joking. The chief of the human sex trafficking unit, defendant Gore, also ordered his deputies not to include him in any offense reports on these

---

[1] The factual background presented is part of the plaintiffs' pleadings and arguments presented to the Court in their response to the defendants' motions to dismiss. With exceptions, the Court presents the alleged facts as pled by the plaintiffs, which include the plaintiffs' contentions.

operations. Defendant Rigdon, another supervising officer, would then spend the following day deleting footage of this conduct.

After several of these operations, plaintiff McKinney was called into Gore's office and was told that Constable Rosen's chief of staff was sexually assaulted by a masseuse at a Massage Heights location and that McKinney was being ordered to go undercover with that same masseuse. She was then ordered by defendants Gore and Rigdon, at the behest of Constable Rosen, to make an appointment with this masseuse and wait to be sexually assaulted so she could make the bust signal and they could make an arrest. She was sexually assaulted at the massage parlor, and an arrest was made.

The plaintiffs have sued the defendants under section 1983, asserting that the defendants violated their rights under the Fourteenth Amendment's Equal Protection and Due Process clauses.

## III.   CONTENTIONS OF THE PARTIES

### A.   **Defendant Rosen**

In his motion to dismiss, Rosen asserts that the plaintiffs have failed to: (a) state an equal protection claim for sexual harassment; (b) assert a claim or present with specificity evidence that Rosen failed to train the officers allegedly involved; and (c) establish that he failed or refused to take proper remedial action when complaints were alleged; (d) establish that he ratified the alleged conduct of the defendants; (e) establish that he has supervisor liability based on claims against defendants Gore and Rigdon; (f) establish that McKinney has a "due process" claim against him for "sexual battery"; and (f) overcome the presumption that he is immune from suit as a public official.

### B.   **Defendants Gore and Rigdon**

Defendants Gore and Rigdon make, essentially, the same arguments as Rosen concerning the plaintiffs' claims. In addition, however, the defendants assert that; (a) they did not act under

3

"color of state law"; (b) neither of the defendants is an employer of the plaintiffs; and (c) there is no due process claim for "sexual battery" under § 1983; (d) there is no pleading that Rigdon subjected the plaintiffs to unwelcome sexual harassment or harassed any plaintiff; and (e) there are no facts stating a claim of sexual harassment.

## IV. STANDARDS OF REVIEW

### A. Failure to State a Claim under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." A court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### B. Individual Liability under Section 1983

In order to state a claim against an individual government official under 42 U.S.C. § 1983, a plaintiff must allege facts that indicate that the accused individual (a) actually participated in the

4

alleged wrongful act; (b) show how such conduct constituted a deprivation of a constitutional right, such as "due process" under the Fourteenth Amendment; and (c) establish that no reasonable official could have believed that his conduct was constitutional. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005), *abrogated on other grounds*, *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 192 L.Ed.2d 416 (2015).

## V. ANALYSIS AND DISCUSSION

The Court is of the opinion that the factual allegations in the plaintiffs' First Amended Complaint, which the Court must take as true, are sufficient to state claims under Section 1983 against defendants Gore and Rigdon, individually. At this early stage, the Court concludes that the plaintiffs' allegations against defendants Gore and Rigdon are "enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964. However, the Court determines that the plaintiffs allege no facts that, if true, would support Rosen's individual liability under Section 1983. Accordingly, the plaintiff's claims against defendant Rosen, individually, must be dismissed.

## VI. CONCLUSION

Based on the foregoing analysis and discussion, it is ORDERED that:

1. Defendants Chris Gore's and Shane Rigdon's motion to dismiss is DENIED; AND

2. Defendant Alan Rosen's motion to dismiss is GRANTED.

It is so ORDERED.

SIGNED on this 30th day of August, 2021.

_____
Kenneth M. Hoyt
United States District Judge