Case 4:21-cv-01698   Document 114   Filed on 07/17/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 17, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIZ GOMEZ, *et al.*, | § § § § | |
| Plaintiffs, | | |
| VS. | § § § § § § § | CIVIL ACTION NO. 4:21-CV-01698 |
| HARRIS COUNTY, *et al.*, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

### I. INTRODUCTION

Before the Court are the defendant's, Harris County Texas, motion to dismiss (Doc. #93), and motion for judgment on the pleadings. (Doc. #61). The defendant's motion to dismiss is brought under Federal Rule of Civil Procedure 12(b)(6), and asserts that the plaintiffs have failed to state triable claims under which relief may be granted and, in particular, under 42 U.S.C. § 1983, alleging violations of "Equal Protection" and "due process" clauses of the Fourteenth Amendment. The Court, being duly advised of the premises, determines that Harris County's motions should be denied as to plaintiffs' retaliation claims.

### II. PROCEDURAL AND FACTUAL BACKGROUND

On May 24, 2021, the plaintiffs filed their complaint against the defendants, Harris County, Texas, Constable Alan Rosen and officers Chris Gore and Shane Rigdon, alleging violations of 42 U.S.C. § 1983, and the Equal Protection and "due process" clauses of the Fourteenth Amendment to the federal Constitution. Subsequently, the plaintiffs amended their complaint adding additional claims. On June 29, 2021, Rosen, Gore and Rigdon filed motions to dismiss the plaintiffs' suit

1 / 9

against them. The Court granted Rosen's motion finding that the claims asserted did not support either individual liability or policy maker liability claims under Section 1983. However, the Court denied Gore's and Rigdon's motion, finding that the plaintiffs' pleadings were sufficient to "raise a right to relief above the speculative level." (See Memorandum, Doc. #29 at 5).

Shortly after denying Gore and Rigdon's motion to dismiss, the plaintiffs move to dismiss their claims against Gore and Rigdon, leaving Harris County as the sole defendant. On June 21, 2022, Harris County filed its motion for judgment on the pleadings, precipitating a move by the plaintiffs, to again, amend their suit. (Doc. #86). The motion to amend was granted, permitting a second amended complaint.  Harris County responded, filing the motions currently under review. Thus, before the Court are the plaintiffs' second amended complaint and Harris County's current motions to dismiss.

## III.     THE CONTENTIONS OF THE PARTIES

### A. *Creation of the Juvenile Human Trafficking Unit*

In a significantly thorough complaint, the plaintiffs describe how they were persuaded into accepting law enforcement roles in the newly funded "Juvenile Human Trafficking Unit" ("JHT Unit").  As law enforcement personnel in that Unit they joined forces with Harris County Social Rehabilitation Services ("HCSR") workers to arrest juvenile sex traffickers throughout Harris County. Because HCSR mission required law enforcement oversight, Precinct One Constable Rosen's office and the plaintiffs, among others, were assigned tasks and placed in law enforcement positions in the operation.  Hence, Constable Rosen and officers and deputies in Precinct One under his authority, were to serve as the "muscle" in a pro-active operation to combat juvenile human trafficking.

In support of this effort, the federal government and the state of Texas provided special funding for the operation. Harris County adopted a budget that specifically designated and allocated to Constable Rosen and Precinct One the necessary funds. This move placed Constable Rosen in charge of the law enforcement arm of the program, the expenditure of the funds, and the supervision of the officers he selected to oversee and manage the program and allocated funds.

### B.    *The Plaintiffs' Assertions and Claims*

The plaintiffs assert that, instead of operating the JHT Unit in the manner intended, investigating and arresting juvenile sex offenders and protecting juvenile victims, Constable Rosen turned the operation into a "bachelor party prostitution sting operation" ("the Sting Operations"). He and his supervising officers selected female deputies to pose as prostitutes to entice men to solicit sexual favors and use them for personal enjoyment. The plaintiffs contend that Harris County endorsed the Sting Operation and delegated "policy making authority" to Constable Rosen who, in turn, appointed Assistant Chief Gore and Lieutenant Rigdon to handle "field operations". The plaintiff also asserts that when Harris County adopted the JHT Unit budget, it placed all of the funds under the authority of Constable Rosen and Precinct One. In doing so, they assert, Constable Rosen became the "official policymaker" concerning the JHT Unit operations including how funds were to be expended. Moreover, the plaintiffs argue, Harris County "knew and understood that Constable Rosen would represent all of Harris County, not simply Precinct One, in setting the rules of operation and enforcing policy for the JHT Unit, particularly the Sting Operations. Hence, Constable Rosen answered to no one – he was the final authority.

The plaintiffs assert that the Sting Operation exposed them to: sexual harassment, by their colleagues, being treated differently than the male officers involved in the operation, unwelcome sexual abuse, denigrations, and exploitation. They claim that they were battered and forced to

engage in intentional touching; to suffer offensive and harmful application of force against their bodies by fellow male deputies and ordered to permit sexual assaults against themselves when or if needed. Lastly, they allegedly suffered the loss of bodily integrity, suffered the invasion of their bodily integrity to the point of injury, and when they attempted to report it, were retaliated against by Constable Rosen, his supervising offices, the District Attorney's office and Harris County.

### C. *Harris County's Contentions and Assertions*

Harris County asserts that the plaintiffs' suit must be dismissed because Constable Rosen is not a Harris County policymaker. And, since the Court has already found that Constable Rosen was not a policymaker, no viable cause of action remains. Therefore, the plaintiffs' suit against Constable Rosen being "correctly" decided, renders the plaintiffs' suit against Harris County a nonstarter. Harris County further argues that plaintiff's claim of retaliation against Harris County also fails for lack of proof as does the separate retaliation claim against deputy Alutto. Therefore, Harris County relies on Federal Rule 12(b)(6) and *Monnell v. New York City Dept. of Soc. Svcs.*, 436 U.S. 658 (1978). The Court is of the opinion that neither the case law that addresses Rule 12(b)(6) nor *Monnell* addresses the plaintiffs' retaliation claim(s). The Court, therefore, focuses only on the plaintiffs' retaliation claim(s).[1]

### IV. STANDARD OF REVIEW

### A. *Federal Rules Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure authorizes a defendant to move to dismiss a case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a

---

[1] While the Court does not directly address the plaintiffs' § 1983 cause(s) of action, it does not discount their merit. Instead, the Court utilizes the factual underpinning to support the plaintiffs' § 1983 claims as the basis for establishing the elements of their retaliation claims.

light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

However, in light of Federal Rule of Civil Procedure 8(a)(2), "specific facts are not necessary, the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." A court's review is, therefore, limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that the documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

The Court is of the opinion that the plaintiffs' have, in fact, stated a cause of action against Harris County for retaliation that satisfies Rule 8(a)(2). Nevertheless, the question to be resolved is whether Harris County is entitled to "dodge" the plaintiffs' claims under *Monell* principles. 436 U.S. 658 (1978).

### B. The Monell Factors – Municipal Liability

Under *Monell,* a governmental entity, such as Harris County, may be sued and subjected to monetary damages when a policy or practices adopted or tolerated, by an entity violates an individual's federally protected right(s). *Board of the Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 694. [*Monell* permits an individual to sue a municipality that violated an individual's constitutional rights "under color of law" when an ordinance,

regulation, custom, or usage of same forms the basis of the violation]; *Doe v. Taylor Independent School Dist*., 15 F.3d 443, 453 (5th Cir. 2002).

### C. The Agency of Constable Rosen

An "agency" relationship between Constable Rosen and Harris County is raised by the plaintiffs' pleadings. The plaintiffs' pleading argues that an agency relationship between Harris County and Constable Rosen existed whereby Constable Rosen had actual or apparent authority to do as he is accused of doing and, hence, his acts were later ratified by Harris County. *See Spring Garden 79U, Inc. v. Stewart Title Company,* 874 S.W. 2d 945, 948 (Tex. App.-Houston [1st Dist.] 1994; *see also Curry v. Lone Star Steel Co.,* 676 SW 2d 205, 209 (Tex. App—Fort Worth 1984, no writ). *Spring Gardens* teaches that actual authority, which includes both express and implied authority, usually denotes that [the] authority [of] the principal was: (1) intentionally confer[red] upon [the] agent; (2) [that the principal] intentionally allowed the agent to believed that he possess[ed the authority]; or, (3) allowed the agent to believe that he possesses [the authority] due to a want of due diligence on the part of the principal [internal citations omitted].

Here, the plaintiffs do not claim that Harris County vicariously conferred authority on Constable Rosen to violate them, to retaliate against them or, for that matter, violate state and/or federal laws. Instead, the plaintiffs assert that Harris County, learning of the alleged violations, failed to come to their aid, and that, having failed to do so when it learned of Constable Rosen's conduct, failed to correct their wrongful acts.

The plaintiffs argue that Harris County ignored their claims, suppressed their claims and, thereby, endorsed Constable Rosen's handling of the plaintiffs' claims. In the Court's view, these pleadings raise a question of fact as to Constable Rosen's authority or lack of authority and,

therefore, may raise a jury question. *See Karl Rove & Co. v. Thornburgh,* 39 F.3d 1273, 1297 (5th Cir. 1994). The Court will address these issues in the context of the plaintiffs' retaliation claim(s).

## V. THE ANALSYSIS AND DISCUSSION

The plaintiffs assert a retaliation claim against Harris County based on the exercise of their free speech rights and their right to bodily integrity. To establish a retaliation claim under § 1983, a plaintiff must establish that they suffered an adverse employment decision as she sought to expose a matter of public concern; suffered a violation of the First Amendment right to free speech as a result of commenting on a matter of public concern that outweighs Harris County's interest in promoting efficiency; and that Harris County's conduct against them was motivated by plaintiffs' exercise of free speech. *See Heilman v. City of Beaumont*, 638 Fed. Appx. 363, 366 (5th Cir. 2016).

A cause of action under 42 U.S.C. § 1983, for retaliation occurs when a municipality permits an operation, designed to combat juvenile human trafficking to go off the rails and, when illegal conduct is reported, the policymakers, District Attorney, and Constable Rosen seek to stifle the voices of those complaining by terminating them, humiliating them and/or transferring them out of the JHT Unit to lesser prestigious work. Such pleading, if believed by a jury may constitute a callous disregard by Harris County for those impacted by the alleged illegal conduct of Constable Rosen. The facts presented, if believed, may constitute deliberate indifference on the part of Harris County toward the plaintiffs. *See Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010); *see also Doe,* 15 F.3d at 453-54.

Harris County argues, however, that the plaintiffs' rights to speak up about the Sting Operation and how it impacted them is not a matter of public concern. The Court disagrees. When an employee's speech addresses a matter of public concern, it may establish the basis for a claim

under the federal constitution and § 1983. Whether the speech or outcry becomes a matter of constitutional proportions is determined by the content, form and context in which the statements are given. *See Connick v. Myers*, 461 U.S. 183, 147-48 (1983). Although employers are given "wide latitude in managing an employee's rights under the First Amendment to speak out, employers are not permitted to punish or endorse punishment by a supervisor where that supervisor is the source of misconduct and claims. *See Ayoud v. Texas A&M University*, 927 F.2d 834, 837 (5th Cir. 1991).

The Court's inquiry concerning whether an employer's discipline or actions toward its employee(s) violates federal constitutional law, begins with an examination of whether the objective of the speech was a matter of public concern or strictly of a personal nature. *Id. See Thompson v. City of Starkville, Miss.,* 901 F.2d 456, 463 (5th Cir. 1990).

The pleadings reveal that the plaintiffs were at the mercy of Constable Rosen and his supervisory officers. Their pleadings substantiate, in detail, alleged violations of both state and federal law, as well as alleged acts of retaliation against them when they spoke up. Hence, their pleadings present triable facts that Constable Rosen and his supervisory officers acted under the "color of law" when they engaged in conduct that deprived the plaintiffs of dignity without rebuff disciplined them for reporting the alleged conduct. *See Monroe v. Pape*, 365 U.S. 167, 183 (1961), (*overruled in part on other grounds*).

The Court finds and holds that the plaintiffs have sufficiently pled a § 1983 cause of action for retaliation against Harris County that overcomes the *Monnell* immunity asserted by Harris County. The plaintiffs' pleadings also support the view that Harris County had no policy in place for the Sting Operation and, therefore, provided no protection for the female officers selected for that operation. The pleadings further show that Harris County may have delegated full and

complete authority to Constable Rosen concerning policies, procedures and training for the bachelor party sting operation. And, after Harris County learned of the "rogue" operation, did nothing. Hence, it may have adopted the conduct of Constable Rosen and his supervisory officers permitting Constable Rosen to act as its policymaker. "A principal is liable for the acts of its agents when the agent has actual or apparent authority to do those acts or when the principal ratifies those acts." *Spring Garden* 79U, 874 S.W.2d at 948 (internal citations omitted). *See also Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981).

**IV.     CONCLUSION**

The plaintiffs' retaliation claims survives because they are based on alleged illegal and unconstitutional conduct toward the plaintiffs when they attempted to speak out on a matter of public concern. Without doubt, the facts, as alleged, are matters of public concern. *See Thompson*, 901 F.2d at 463. Therefore, Harris County's motions to dismiss are Denied.

It is so Ordered.

SIGNED on July 17, 2023, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge